# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**GILBERTO PENA** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:11-CR-20 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
    - [x] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
    - [ ] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Although born in Michigan, plaintiff moved to Texas as an infant, where he is employed and resides with his wife and family. He has approximately $30,000 in credit card debt. His only familial tie to Michigan is a sister who resides in Holland. Several years ago defendant was convicted of trying to travel to Michigan to sell several kilos of marijuana. Defendant stated he was intending to sell the marijuana to pay off an $18,000 gambling debt. He was on probation for that offense when he was apprehended in this district with a van full of marijuana and charged with possession with intent to distribute 100 kilograms or more of marijuana. A probation violation has been filed against him in (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community based upon the unrebutted presumption. Notwithstanding defendant's ties to Texas, he has virtually no ties to Michigan and his family ties in Texas have done nothing to prevent him from twice attempting to distribute drugs in Michigan. In the alternative, even if the presumption were rebutted, I find by clear and convincing evidence that no condition or combination of conditions (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 8, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

in the district court in Texas for leaving the district without permission

**Part II - Written Statement of Reasons for Detention** - (continued)

will assure the safety of the community from further drug trafficking by defendant where he has, even while on federal probation, not only again attempted to distribute drugs, but in a considerably increased quantity. Moreover, defendant attempted to sell marijuana on the first occasion to pay off an $18,000 gambling debt, but his financial picture has only gotten worse since he is now $30,000 in debt. If federal supervision was not successful under these conditions previously, there is no reason to believe that further federal supervision will be any more successful.